USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    :
CHUNHONG MEI, *on behalf of herself and*   :
*others similarly situated,*     :
    :
                 Plaintiff,   :  **ORDER**
    :
       -v-   :  19-CV-3309 (JLC)
    :
DP HOSPITALITY GROUP, LLC, *et al.*,   :
    :
                 Defendants.   :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

    The Court has received a letter from plaintiff's counsel requesting "a few more days" to finalize the settlement letter (Dkt. No. 46). That request is granted. The parties may have until **December 20, 2019** to submit their settlement papers. In the future, such applications should be made by <u>letter-motion</u>, not by letter.

    Additionally, the Court has preliminarily reviewed the settlement agreement (Dkt. No. 46-1) attached to the extension request and notes that the releases (which are not mutual) set forth in paragraphs 2(b)(iv) and 7 are problematic in that they are too broad. As other courts have found in evaluating similar release language, it "could be applied to an absurd effect[.]" *Lopez v. Poko St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (rejecting an agreement that released a "long list" of entities and persons related to defendants from "every imaginable claim"). For example, taken literally, the release language here expressly prohibits plaintiff "from commencing an action against one of defendants' former employees for an assault. Such a result is absurd and contrary to the FLSA's remedial purpose." *Chowdhury v. Brioni AM., Inc.*, No. 16-CV-344 (HBP), 2017 WL 5125535, at *2 (S.D.N.Y. Nov. 1, 2017). Judicial distaste for

1

overbroad releases has been especially pronounced where "the releases were not mutual and protected only the defendants." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).

As the Court set forth in *Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y. Apr. 26, 2018), previously cited to counsel, it will not approve a non-mutual release that is as broad as the one presented here. *See also Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding proper scope of mutual general releases). The parties are directed to revise their proposed settlement agreement accordingly.

**SO ORDERED.**

Dated: December 16, 2019
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge