**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
CHUNHONG MEI,

                           Plaintiff,           Case No. 19-cv-3309

           -against-

DP HOSPITALITY GROUP, LLC et al,

                          Defendants.
---------------------------------------------------------------- X


### SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered by Plaintiff, Chunhong Mei, ("Plaintiff") and Defendants, DP Hospitality Group, LLC, Brooklyn Chop House, Robert "Don Pooh" Cummins, and Stratis Morfogen ("Defendants").  Plaintiff and Defendants may be referred to collectively as the "Settling Parties."

         **WHEREAS**, Plaintiff is a former employee of the Brooklyn Chop House;

         **WHEREAS**, on or about April 13, 2019, Plaintiff filed suit against Defendants alleging, *inter alia,* that she was not paid certain wages in connection with her employment with the Brooklyn Chop House in the matter known as "*Chunhong Mei, Plaintiff, v. DP Hospitality Group, LLC d/b/a Brooklyn Chop House, Robert "Don Pooh" Cummins, and Stratis Morfogen, Defendants*," filed in the United States District Court, Southern District of New York, Docket No. 1:19-cv-03309 ("Civil Action") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") claiming, *inter alia*, that Defendants failed to pay Plaintiff and putative Collective and Class members the minimum wage, overtime premium pay and spread-of-hours pay throughout their employment during the applicable statutory period; and Plaintiff filed an Amended Complaint on May 20, 2019;

**WHEREAS**, on September 27, 2019, Defendants interposed an Answer to the Amended Complaint, denying Plaintiff's allegations, and denying any liability;

**WHEREAS**, on or about September 17, 2019, Plaintiff filed an administrative action against Defendants in the New York City Commission on Human Rights, Case No. M-E-AELNRS-20-77616-E and Federal Charge No. 16F-2020-00013C (the "NYCCHR Action") alleging, *inter alia*, Defendants' discriminatory practices on the basis of race, national origin and other prohibited categories;

**WHEREAS**, Defendants deny the allegations made against them by Plaintiff, or that they engaged in any other wrongful conduct against Plaintiff; and

**WHEREAS**, on November 13, 2019, the Honorable James L. Cott, United States Magistrate Judge, presided over a settlement conference attended by both parties, at which a settlement was reached after much negotiation;

**WHEREAS**, in order to avoid the burden, expense and delay of litigation, the Settling Parties have agreed to settle all existing disputes between them, including, but not limited to, those allegations set forth in the Civil Action, and all potential legal actions or claims which have or could have or should have been asserted with respect to Plaintiff's employment with Defendants through the date of the execution of this Agreement; and

**NOW**, **THEREFORE**, in consideration of the promises contained herein, the Settling Parties agree as follows:

1.    <u>**Dismissal of Lawsuit.**</u>

(a) Subject to the Court's approval of this Agreement, Plaintiff agrees to dismiss or effect

the dismissal of any claims with prejudice against each other existing or pending in any

jurisdiction relating to the claims filed by Plaintiff in this Civil Action, and the NYCCHR

Action, to wit, in the matter of *Chunhong Mei v. DP Hospitality Group LLC et al,* in the US

District Court, Southern District of New York, 19-cv-3309 and Case No. M-E-AELNRS-20-

77616-E and Federal Charge No. 16F-2020-00013C in the NYCCHR.

(b) In tandem with Plaintiff's execution of this Agreement, she will, through her attorney:

(1) execute and deliver to counsel for Defendants an original Stipulation of Dismissal with

prejudice of the Complaint in the Civil Action (without costs or attorneys' fees to any party), a

copy of which is annexed hereto as Exhibit A; and (2) deliver to Defendants' counsel a copy of

Plaintiff's Request for Withdrawal of the NYCCHR Action filed with the New York City

Commission on Human Rights (without attorneys' fees or costs to any party). The Settling

Parties mutually agree not to appeal any rulings made in the Civil Action or the NYCCHR

Action prior to the execution of this Agreement. Counsel for Defendants will hold the signed

Stipulation in escrow until the Settlement Funds, defined and described in Paragraph 4 herein,

are delivered to Plaintiff's counsel.

2.    <u>**Release**</u>

(a)    <u>**Release by Plaintiff**</u>

(i)        In consideration of the promises, payments, and actions of Defendants set out in

this Agreement and other good and valuable consideration, to the fullest extent allowed by law,

Plaintiff expressly waives, releases and gives up any and all claims and rights (including but not

limited to attorneys' fees and costs of suit) she may have against DP Hospitality, Group, LLC,

3

Brooklyn Chop House, Robert "Don Pooh" Cummins and Stratis Morfogen.

(ii)     Plaintiff specifically releases, to the fullest extent allowed by law, the following claims as to all Defendants:

(1) Any claim which Plaintiff asserted, or which could have been asserted in the Civil Action;

(2) Any claim which Plaintiff asserted, or which could have been asserted in the NYCCHR Action;

(3) Any claims arising directly, or indirectly, from Plaintiff's association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement;

(4) Any claims arising directly or indirect from the actions or inaction of Defendants against the Plaintiff;

(5) Any claims Plaintiff could assert now, or in the future, resulting from any action or failure to act occurring through the date that Plaintiff signs this Agreement, under common law; under any policies, practices, or procedures of any Defendant; under any federal or state statute or regulations including, but not limited to:

- 42 U.S.C. §1981; The Fair Labor Standards Act ("FLSA");

- The New York Labor Law ("NYLL");

- Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.;

- The New York State Human Rights Law (the "NYSHRL");

- The New York City Human Rights Law (the "NYCHRL");

- Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.;

- The Older Workers Benefit Protection Act of 1990;

- Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq.;

- Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et seq.;

- Family and Medical Leave Act, 29 U.S.C. §2601 et seq.;

- Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000 et seq.;

- Labor Management Relations Act, 29 U.S.C. §151;

- The Wage Theft Prevention Act;

- The Equal Pay Act;

- The Immigration Reform and Control Act;

- The Consolidated Omnibus Budget Reconciliation Act;

- The Fair Credit Reporting Act;

- The Sarbanes Oxley Act;

- The Occupational Safety and Health Act;

- The New York Corrections Law;

- The New York Hospitality Industry Wage Order;

- The New York Wage Order for Miscellaneous Industries and Occupations;

- The New York Restaurant Wage Order; or

- Any other federal, state, or local law.

5

(6) Any claims for minimum wages, overtime, commissions, unpaid wages, compensation, and/or other remuneration, whether, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, misclassification, failure to maintain records, improper deductions, travel time, spread of hours, pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages or benefits, and/or related penalties, damages, liquidated damages, and attorneys' fees under federal, state, and/or local law.

(7) Any other claim, whether for monies owed, reimbursement, attorneys' fees, litigations costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of this Agreement.

(iii)    Plaintiff represents and agrees by signing below that: with respect to the Family and Medical Leave Act, Plaintiff has not been denied any leave or benefit requested; and with respect to the Fair Labor Standards Act and New York Labor Law, Plaintiff has been paid and has received all compensation, wages, bonuses, commissions, and benefits due and owing from Defendants to which she was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to her from Defendants while working in Defendants' employment apart from the consideration to be paid under this Agreement, and that the

6

consideration she is receiving pursuant to this Agreement sufficiently compensates any amounts she alleges were due to her, including reasonable attorney's fees incurred in bringing this action.

(iv)     This Release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel of Defendants and it does not release or discharge any claims that may occur after that date. The Release set forth above excludes and shall not apply to the following: (i) any Claims for or entitlement to vested benefits under any retirement or 401(k) plan; (ii) any Claims for worker's compensation benefits; (iii) any Claims for unemployment compensation benefits;  (iv) any Claims to compel or require either party to comply with the provisions of this Agreement; (v) any Claims to interpret or determine the scope, meaning, enforceability or effect of this Agreement; and (vi) any Claims that may arise after the effective date of this Agreement.

(v)     Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the FLSA and/or for time worked.

**(b)**     <u>**Release by Defendants**</u>.

(i)     In consideration of the promises, payments, and actions of Plaintiff set out in this Agreement and other good and valuable consideration, to the fullest extent allowed by law, Defendants expressly waive, release and give up any and all claims and rights (including but not limited to attorneys' fees and costs of suit) they may have against Plaintiff Chunhong Mei.

(ii)     Defendants specifically release, to the fullest extent allowed by law, the following claims as to Plaintiff:

(1) Any claim which Defendants asserted, or which could have been asserted in the Civil Action;(2) Any claim which Defendants asserted, or which could

7

have been asserted in the NYCCHR Action;

(3) Any claims arising directly, or indirectly, from Plaintiff's association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement;

(4) Any claims arising directly or indirect from the actions or inaction of Plaintiff against the Defendants;

(5) Any claims Defendants could assert now, or in the future, resulting from any action or failure to act occurring through the date that the Parties sign this Agreement, under common law; under any policies, practices, or procedures of any Defendant; under any federal, state or local laws, statutes, constitutions, regulations rules, ordinances, or orders; or

(6) clams for penalties, damages, liquidated damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of this Agreement.

8

(ii) This release is limited solely and only to claims that have arisen on, or prior to, the date of this Agreement is executed and transmitted to counsel for Plaintiff and it does not release or discharge any claims that may occur after that date.

(iii)     Nothing in this Agreement shall infringe on Defendants' ability to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the National Labor Relations Board, U.S. Equal Employment Opportunity Commission, or comparable state or local agencies. These agencies have the authority to carry out their statutory duties.

3.     **<u>Payment [Disputed- see next page]</u>**

9

| Defendants' Proposed Language | Plaintiff's Proposed Language |
|---|---|
| (a)   In total and complete settlement of this matter and all claims referred to above, including costs of suit and attorneys' fees of any and all attorneys and firms who have represented Plaintiff in this action, payment will be made by or on behalf of Defendants to Plaintiff in the total gross amount of Ten Thousand Dollars and 00/100 ($10,000.00) ("Settlement Funds"), to be allocated as follows:<br><br>i.   $3,129.59 less applicable payroll deductions, payable to "Chunhong Mei". Pursuant to state and federal tax laws, this payment is subject to normal payroll taxes and withholdings. Defendants shall issue an IRS Form W-2 to Plaintiff for the payment referred to in this Subparagraph.<br><br>ii.   $3,129.58 payable to "Chunhong Mei;"<br><br>iii.   $3,740.83 payable to "Law Office of Ricardo R. Morel, Esq." This payment shall be payable to Plaintiff's claims for attorneys' fees, and is not subject to normal payroll taxes and withholdings. Defendants shall issue an IRS Form 1099 to Plaintiff and the Law Office of Ricardo R. Morel, Esq. for the payment referred to in this Subparagraph. | (a)   In full and final satisfaction of all claims between the Parties, as to each against the other related to this Action and all claims referred to above, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to Plaintiff the sum of **Ten Thousand Dollars ($10,000.00)** (the "Settlement Sum") delivered to Plaintiff's counsel Ricardo R. Morel, As Attorney for proper disbursement from Escrow, allocated as follows:<br><br>**(i)**   $6,259.17 to "Chunhong Mei".<br><br>**(ii)**   $3,740.83 payable to "Law Office of Ricardo R. Morel, Esq," including $3,333.33 for attorneys' fees and $407.50 for filing fees and service of process. |

Commented [GLJ1]: Per Defendants' proposed language, Defendants allocated the settlement funds, in the total gross amount as follows: (1) $3,129.59 less applicable taxes and withholdings payable to "Chunhong Mei;" (2) $3,129.58 payable to "Chunhong Mei" via a 1099; and (3) $3,740.82 payable to "Law Office of Ricardo R. Morel, Esq." Defense counsel submits that the language proposed by Plaintiff fails to account for payroll deductions.  Based on the claims asserted in Plaintiff's Complaint, it is Defendants' position at least a portion of the Settlement Payment must be treated as wages.

| Defendants' Proposed Language | Plaintiff's Proposed Language |
|---|---|
| (b) These payments and a fully signed Agreement will be delivered to the Law Office of Ricardo R. Morel, Esq., 39-15 Main Street, Suite 318, Flushing NY 11354 within thirty (30) days of receipt by counsel for Defendants of: (1) This Agreement signed by the Plaintiff. (2) The IRS Forms executed by the Plaintiff and the Law Office of Ricardo R. Morel, Esq.; (3) The Stipulation of Dismissal signed by counsel for Plaintiff; and (4) Confirmation that Plaintiff's Request for Withdrawal of the NYCCR Action has been granted and the action withdrawn. An IRS Form W-2 will be issued to plaintiff in connection with the payment in subparagraph 3(a) (i) above.  Plaintiff and Law Office of Ricardo R. Morel, Esq., each will complete and provide to Defendants' counsel an IRS Form W-9.  IRS Forms 1099 will be issued to plaintiff in connection with the payment in sub-paragraph 3(a) (ii) and 3(a) (iii), and to Law Office of Ricardo R. Morel, Esq. in connection with the payment in subparagraph 3(a) (iii). (c)      Plaintiff acknowledges that no representations have been made to Plaintiff by Defendants regarding the taxability of the settlement monies referred to in Paragraph 3(a). (d)      Plaintiff and her attorney understand that they are respectively fully responsible for any taxes payable in connection with Paragraph | (b) Full payment of **$10,000.00**, payable to Ricardo R. Morel As Attorney, shall be delivered to the law office of Ricardo R. Morel, Esq. located at 39-15 Main Street, Suite 318, Flushing, New York 11354 in accordance with the following schedule: (1) Within thirty (30) days of the Court's approval and full execution of this Agreement, whichever is later.. (c) <u>Satisfaction of Liens</u>.  Plaintiff has represented that after diligent investigation, there are no liens that might be asserted against the Settlement Funds. |

**Commented [GLJ2]:** It is Defendants' position that Plaintiff's proposed language seeks to eliminate any conditions to her receipt of the settlement funds. Defendants are simply requesting (and even Plaintiff's counsel previously requested) that payment will be made upon receipt of the following: the executed agreement, stipulation of dismissal, confirmation of the request and her executed IRS forms (which are necessary for Defendants to properly issue payment). Based on Plaintiff's proposed language, comparatively, Plaintiff assumes that all that must happen for her to receive the Settlement Funds is the passing of 30 days after approval of the settlement agreement and its execution.

Please note that Plaintiff suggested to include language to the effect that Plaintiff would make the request for withdrawal of the NYCCR action but does not believe payment should be contingent on its dismissal; however, it is Defendants' position that the Plaintiff would dismiss the NYCCR action in connection with this settlement.

3(a)(iii) above. Plaintiff further agrees and understands that she will defend and indemnify Defendants and the Defendants in all such proceedings against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed on the payment in Paragraph 3(a)(iii) above.  The taxability of the Settlement Funds shall not affect the validity of this Agreement.

(e)     Should Defendants fail to timely make payment set forth in Subparagraph 3(a) above of this Agreement, Plaintiff shall provide written notice, by electronic and Priority mail, stating that payment was not timely made. Upon receipt of written notice, Defendants shall have ten (10) days to make payment. Notice should be sent to the attention of Michael D. Hall, Esq., Buchanan Ingersoll & Rooney, 640 5th Avenue, 9th Floor, New York, NY 10019-6102, michael.hall@bipc.com.

(f)     <u>Satisfaction of Liens</u>.  Plaintiff has represented that she has diligently investigated the existence and amounts of any and all liens that might be asserted against the Settlement Funds. Plaintiff agrees that she shall be responsible for satisfying any and all such liens against the Settlement Funds. Defendants expressly rely on Plaintiff's representations on this subject in issuing the Settlement Funds to Plaintiff and to her attorney.

    4.     **Consideration.**

12

| Defendants' Proposed Language | Plaintiff's Proposed Language |
|---|---|
| Plaintiff specifically acknowledges that the Settlement Funds set forth in Paragraph 3(a) constitute additional consideration not otherwise owed to her but for this Agreement. Plaintiff agrees that she will not hereafter seek anything further, including any other payments(s) for counsel fees, from Defendants.  Plaintiff shall not be entitled to any consideration or benefit from Defendants. | The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. The parties mutually agree that they will not seek any further consideration from each other, including monetary payment, beyond that which is set forth in Paragraph 3 of this Settlement Agreement. (a) Consistent with Recitals "B", "D" and "F" above, the Settling Parties agree that the settlement funds described under Paragraph 4 below do not constitute payment for any unpaid wages as Plaintiff alleges, but rather, the said payment is and for a global disposition of all actions described above, to obviate the expense, time and costs of further litigation. (b) As such, the parties agree that the settlement funds described under Paragraph 3 shall be attributed to legal fees and settlement, not to payment of wages due or penalties accruing related thereto under the FLSA or NYLL, for purposes of the Internal Revenue Service. Accordingly, the parties mutually agree that their respective reporting to the IRS with regard to payments made under Paragraph 3 shall be as follows: |

**Commented [GLJ3]:** See prior comments

13

| | (1)  Defendants will issue an IRS Form 1099 to Plaintiff for the amount distributed to her; and Defendants will issue an IRS Form 1099 to Plaintiff's counsel for the amount distributed to him by virtue of this Agreement. |
| | (2)  Each of the Settling Parties shall be responsible for their respective  reporting obligations for Income Tax or Deduction purposes, and shall demand no further action one from the other, with regard to such tax reporting obligations. |

5.      **Attorneys' Fees**.

Except as provided herein, the Parties shall bear their respective costs and attorneys' fees arising from or related to the Civil Action, the NYCCHR Action, this Agreement, and the matters addressed therein.

6.      **No Other Actions or Proceedings**.

The Parties represent that, other than this Civil Action and the NYCCHR Action, the Parties are unaware of any other pending lawsuits, charges, administrative proceedings, or other claims of any nature whatsoever that has filed against any other Party in any state or federal court, or before any agency or administrative body.

7.      **Time is of the Essence**.

The Parties agree and acknowledge that time is of the essence with regard to the Settlement Sum pursuant to the Payment Schedule set forth herein.

14

8.      **Agreement Not to Sue.**

Plaintiff agrees not to assert any claims, charges or other legal proceedings against any Defendant in any forum, based on any events, whether known or unknown, occurring prior to the date of the execution of this Agreement, including but not limited to, any events related to, arising out of, or in connection with, Plaintiff's employment with Brooklyn Chop House. However, this numbered Paragraph 7 does not prevent Plaintiff from asserting any claim, charge or legal proceeding that she may not legally be barred from asserting.

Defendants agree not to assert any claims, charges or other legal proceedings against Plaintiff in any forum, based on any events, whether known or unknown, occurring prior to the date of the execution of this Agreement, including but not limited to, any events related to, arising out of, or in connection with, Plaintiff's employment with Brooklyn Chop House. However, this numbered Paragraph 7 does not prevent Defendants from asserting any claim, charge or legal proceeding that they may not legally be barred from asserting.

9.      **Warranty Regarding Non-Assignment.**

Plaintiff warrants and represents that she has not heretofore assigned or transferred to any person not a party to this Agreement any claim released, and she shall defend, indemnify and hold harmless Defendants from and against any claim (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such assignment or transfer made, purported or asserted.

10.     **Entire Agreement**.

This Agreement and its Exhibit(s) contain the sole and entire agreement between Settling Parties. It is understood that Defendants specifically deny any liability whatsoever for any

damages, injuries or other claims made by Plaintiff.  The Settling Parties agree that neither party shall be considered the prevailing party in this litigation.

The Settling Parties further agree that this Agreement shall not be offered or used as evidence in any proceeding, except to the extent necessary to enforce the terms of this Agreement.

11.     **No Admission of Liability**.

This Agreement shall not be construed as an admission by Defendants of any of the acts or omissions alleged by Plaintiff in the Civil Action, 19-CV-3309, or the NYCCHR Action or of any acts or omissions which could have been alleged in the Civil Action or the NYCCHR Action.  It is understood that Defendants specifically deny any liability whatsoever for any damages or other claims made or which could be made by Plaintiff.  Both Parties agree that neither party shall be considered the prevailing party in this litigation.

Plaintiff agrees that this Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving the Defendants, except to the extent necessary to enforce the terms of this Agreement.

12.

| Defendants' Proposed Language | Plaintiff's Proposed Language |
|---|---|
| **Remedies for Breach of this Agreement.** The Parties agree that any breach of this Agreement shall cause: (i) immediate and irreparable harm to the non-breaching party, thereby entitling the non-breaching party to a Court Order of injunctive relief against the breaching party, which is hereby consented to by the parties; (ii) in the event of a breach by either party, if the Court determines that such a breach occurred, the breaching party shall be liable for attorneys' fees and costs incurred by the non-breaching party associated with bringing any action to enforce its rights under this agreement. | **Default and Enforcement.** The Settling Parties agree that upon default of the terms of this Agreement, the defaulting party shall pay to the other party the costs and legal fees incurred in enforcing the terms of this Agreement, and to that end, the Settling Parties reserve the right to seek judicial intervention in the U.S. District Court, Southern District of New York. |

**Commented [GLJ4]:** Defense counsel submits that while these provisions are similar, Defendants' proposed language is specific in the process that must be afforded to either party in the event that the agreement is breached.

13. **Who is Bound**.

Plaintiff and Defendants are bound by this Agreement. Those who succeed to their rights and responsibilities such as heirs, the executors of their estates, successors and/or assigns, and personal or legal representatives are also bound.

14. **No Modification Unless in Writing**.

No modification of this Agreement shall be valid unless in writing and agreed upon by both Parties or their Counsel.

15. **Full Integration**.

This Settlement Agreement supersedes any prior agreements, understandings, or negotiations, whether oral or written, except to the extent that it is inconsistent with the

agreements, understandings or negotiations had and concluded pursuant to the Settlement

Session attended by the Settling Parties on November 13, 2019.

      16.    **Severability.**

If any provision of this Agreement or the application thereof is held invalid, the invalidity

shall not affect other provisions or applications of the Agreement which can be given effect

without the invalid provisions or application and to this end the provisions of this Agreement are

declared to be severable.

      17.    **Choice of Law**.

This Agreement shall be deemed to have been executed and delivered within the State of

New York, and the rights and obligations of the Settling Parties hereunder shall be construed and

enforced in accordance with, and governed by, the laws of the State of New York without regard

to its principles of conflict of laws. Any action to enforce this Agreement shall be made by

motion to the Hon. James L. Cott, U.S.M.J. of the United States District Court, Southern District

of New York.

      18.    **Drafting of Agreement**.

Each Party has cooperated in the drafting and preparation of this Agreement.  Hence, in

any construction to be made of this Agreement, the same shall not be construed against any Party

on the basis that the Party was the drafter.

      19.    **Counterparts.**

This Agreement may be executed in counterparts, and each counterpart, when executed,

shall have the efficacy of a signed original.  Photographic copies of such signed counterparts

may be used in lieu of the originals for purposes of this agreement.

20.     **Non-Waiver**.

No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

21.     **Independent Legal Counsel**.

Each party acknowledges that they have received independent legal advice from their attorneys with respect to the advisability of entering into this Agreement. Each party has made such investigation of the facts pertaining to this Agreement and of all other matters pertaining thereto as they deem necessary.

22.     **Attorney Advice**

In entering into this Agreement, the Parties represent that they have relied upon the advice of their attorneys, who are attorneys of their own choice, and that the terms of this Agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them.

Plaintiff enters this agreement voluntarily with a full understanding of its terms after it has been translated into Plaintiff's primary language (including but not limited to Mandarin) by Plaintiff's counsel.

23.     **Cooperation**.

The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms.

24.     **<u>Jurisdiction and Venue</u>**.

The Settling Parties agree to request that the Southern District of New York, the Hon. James L. Cott, U.S.M.J. will retain jurisdiction over this matter in the event that either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

25.     **<u>Signature</u>**.

20

| Defendants' Proposed Language | Plaintiff's Proposed Language | |
|---|---|---|
| BY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, PLAINTIFF STATES THAT:<br><br>A.       SHE HAS READ IT;<br><br>B.       SHE UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP IMPORTANT RIGHTS INCLUDING, BUT NOT LIMITED TO, THOSE ARISING UNDER THE NEW YORK CITY HUMAN RIGHTS LAW, THE NEW YORK STATE HUMAN RIGHTS LAW, THE FAIR LABOR STANDARDS ACT, THE NEW YORK LABOR LAW, TITLE VII, 42 USC §1981, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, THE OLDER WORKERS BENEFIT ACT OF 1990, THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE FAMILY AND MEDICAL LEAVE ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, ANY OTHER CONSTITUTIONAL, STATUTORY OR COMMON LAW, ATTORNEYS' FEES AND COSTS OF SUIT, AND ANY PUBLIC POLICY OF THE UNITED STATES, THE STATE NEW YORK OR ANY OTHER STATE;<br><br>C.       SHE AGREES WITH EVERYTHING IN IT;<br><br>D.       HER ATTORNEY NEGOTIATED THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WITH HER KNOWLEDGE AND CONSENT; | This Agreement will come into effect only after it is executed by both parties or their authorized representatives, and approved by the Court. | **Commented [GLJ5]:** Defense counsel submits that because Plaintiff is over the age of 40, Defendants' proposed language complies with Older Workers Benefit Protection Act of 1990 (i.e. is statutorily required) and ensures that the Settlement Agreement was translated to Plaintiff in her primary language (Mandarin) and that she understands its terms and conditions.  Plaintiff's proposed language is insufficient as written. |

**E.      SHE HAS BEEN ADVISED TO CONSULT WITH HER ATTORNEY PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND HAS IN FACT DONE SO;**

**F.      SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY;**

**G.      SHE HAS ENTERED THIS AGREEMENT VOLUNTARILY WITH A FULL UNDERSTANDING OF ITS TERMS AFTER IT HAS BEEN TRANSLATED INTO HER PRIMARY LANGUAGE (MANDARIN) BY PLAINTIFF'S COUNSEL; AND**

**H.      THE TERMS OF PARAGRAPH 20 ARE RECIPROCAL IN THAT THE DEFENDANTS ARE GIVING UP ALL COUNTERCLAIMS AGAINST THE PLAINTIFF THAT HAVE BEEN ASSERTED, OR THAT COULD HAVE BEEN ASSERTED, IN THE CIVIL ACTION OR THE NYCCHR ACTION.**

IN WITNESS WHEREOF, and intending to be legally bound, the Parties agree to the terms of this Agreement.

*** SIGNATURES FOLLOW ***

22

_____
CHUNHONG MEI


Date:   _____, 2020


STATE OF NEW YORK        }
                         } ss:
COUNTY OF QUEENS         }


On the _____ day of _____ in the year_____ before me, the undersigned, personally
appeared CHUNHONG MEI, personally known to me or proved to me on the basis of satisfactory
evidence to be the individual whose name is subscribed to the within instrument and acknowledged
to me that she executed the same in her capacity, and that by her signature on the instrument, the
individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


23

**Defendant DP Hospitality Group, LLC**

By: _____

Title: _____

Dated: _____

**Defendant Brooklyn Chop House**

By: _____

Title: _____

Dated: _____

24

**ROBERT CUMMINS**

_____

Title: _____

Dated: _____

STATE OF NEW YORK                    }
                                     } ss:
COUNTY OF _____      }

On the _____ day of _____ in the 2020 before me, the undersigned, personally appeared ROBERT CUMMINS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
                    Notary Public

**STRATIS MORFOGEN**

_____

Title: _____

Dated: _____

STATE OF NEW YORK                    }
                                     } ss:
COUNTY OF _____        }

On the _____ day of _____ in the 2020 before me, the undersigned, personally appeared STRATIS MORFOGEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                    _____
                              **Notary Public**

26

**EXHIBIT A**

27

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                             :

CHUNHONG MEI, on behalf of herself  :    Civil Action No. 1:16-cv-03309 (AJN)
and others similarly situated,          :
                             :

            Plaintiff,     :    **STIPULATION OF DISMISSAL**
                             :

          v.             :

DP HOSPITALITY GROUP, LLC d/b/a  :
"BROOKLYN CHOP HOUSE," ROBERT  :
"DOH POOH" CUMMINS, STRATIS    :
MORFOGEN, and "JOHN DOE" #s 1-2,  :
                             :
            Defendants.  :
_____ :

It is hereby stipulated and agreed, by and between the undersigned, that Plaintiff

dismisses her Complaint against the Defendants in its entirety with prejudice, and without costs

or attorneys' fees to any party.

Law Office of Ricardo R. Morel, Esq.     BUCHANAN INGERSOLL & ROONEY PC
_Attorneys for Plaintiff_               _Attorneys for Defendants_
_Chunhong Mei_                    _DP Hospitality Group, LLC d/b/a Brooklyn Chop_
                                    _House, Robert "Don Pooh" Cummins and_
                                    _Stratis Morfogen_

By:_____   By:_____
       Ricardo R. Morel                   Michael D. Hall

Dated: _____, 2020      Dated: _____, 2020

28