**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
CHUNHONG MEI,

                    Plaintiff,         Case No. 19-cv-3309

        -against-

DP HOSPITALITY GROUP, LLC et al,

                    Defendants.
---------------------------------------------------------------- X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered by Plaintiff, Chunhong Mei, ("Plaintiff") and Defendants, DP Hospitality Group, LLC, Brooklyn Chop House, Robert "Don Pooh" Cummins, and Stratis Morfogen ("Defendants").  Plaintiff and Defendants may be referred to collectively as the "Settling Parties."

**WHEREAS**, Plaintiff is a former employee of the Brooklyn Chop House;

**WHEREAS**, on or about April 13, 2019, Plaintiff filed suit against Defendants alleging, *inter alia,* that she was not paid certain wages in connection with her employment with the Brooklyn Chop House in the matter known as "*Chunhong Mei, Plaintiff, v. DP Hospitality Group, LLC d/b/a Brooklyn Chop House, Robert "Don Pooh" Cummins, and Stratis Morfogen, Defendants*," filed in the United States District Court, Southern District of New York, Docket No. 1:19-cv-03309 ("Civil Action") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") claiming, *inter alia*, that Defendants failed to pay Plaintiff the minimum wage, overtime premium pay and spread-of-hours pay throughout their employment during the applicable statutory period; and Plaintiff filed an Amended Complaint on May 20, 2019;

**WHEREAS**, on September 27, 2019, Defendants interposed an Answer to the Amended Complaint, denying Plaintiff's allegations, and denying any liability;

**WHEREAS**, on or about September 17, 2019, Plaintiff filed an administrative action against Defendants in the New York City Commission on Human Rights, Case No. M-E-AELNRS-20-77616-E and Federal Charge No. 16F-2020-00013C (the "NYCCHR Action") alleging, *inter alia*, Defendants' discriminatory practices on the basis of race, national origin and other prohibited categories;

**WHEREAS**, Defendants deny the allegations made against them by Plaintiff, or that they engaged in any other wrongful conduct against Plaintiff; and

**WHEREAS**, on November 13, 2019, the Honorable James L. Cott, United States Magistrate Judge, presided over a settlement conference attended by both parties, at which a settlement was reached after much negotiation;

**WHEREAS**, in order to avoid the burden, expense and delay of litigation, the Settling Parties have agreed to settle all existing disputes between them, including, but not limited to, those allegations set forth in the Civil Action, and all potential legal actions or claims which have or could have or should have been asserted with respect to Plaintiff's employment with Defendants through the date of the execution of this Agreement; and

**NOW**, **THEREFORE**, in consideration of the promises contained herein, the Settling Parties agree as follows:

2

1. <u>**Dismissal of Lawsuit**</u>.

(a) Subject to the Court's approval of this Agreement, Plaintiff agrees to dismiss or effect the dismissal of any claims with prejudice against each other existing or pending in any jurisdiction relating to the claims filed by Plaintiff in this Civil Action, and the NYCCHR Action, to wit, in the matter of *Chunhong Mei v. DP Hospitality Group LLC et al,* in the US District Court, Southern District of New York, 19-cv-3309 and Case No. M-E-AELNRS-20-77616-E and Federal Charge No. 16F-2020-00013C in the NYCCHR.

(b) In tandem with Plaintiff's execution of this Agreement, she will, through her attorney: (1) execute and deliver to counsel for Defendants an original Stipulation of Dismissal with prejudice of the Complaint in the Civil Action (without costs or attorneys' fees to any party), a copy of which is annexed hereto as Exhibit A; and (2) deliver to Defendants' counsel a copy of Plaintiff's Request for Withdrawal of the NYCCHR Action filed with the New York City Commission on Human Rights (without attorneys' fees or costs to any party). The Settling Parties mutually agree not to appeal any rulings made in the Civil Action or the NYCCHR Action prior to the execution of this Agreement. Counsel for Defendants will hold the signed Stipulation in escrow until the Settlement Funds, defined and described in Paragraph 4 herein, are delivered to Plaintiff's counsel.

2. <u>**Release and Covenant Not to Sue.**</u>

Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and/or expenses,

including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to "claim" or "claims") which Plaintiff at any time has, had claims or claimed to have against Defendants relating to or in connection with, any claims under the Fair Labor Standards Act ("FLSA"); any claims under the New York Labor Law ("NYLL") any claims under the New York Codes, Rules and Regulations, Articles 6 of the NYLL; the Age Discrimination in Employment Act; Americans With Disabilities Act; the Employee Retirement Income Security Act; the Equal Pay Act; the Immigration Reform and Control Act; the Consolidated Omnibus Budget Reconciliation Act; the Sarbanes Oxley Act; the Occupational Safety and Health Act; Family and Medical Leave Act; the New York State Human Rights Law and the New York City Human Rights Law; the Wage Theft Prevention Act, the New York Hospitality Industry Wage Order; the New York Restaurant Wage Order; or any claims under any other federal, state, or local wage and hour or discrimination/harassment law; any claims for reimbursement, wages, vacation, or other leave time; and any Department of Labor Claims as of the Effective Date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

Similarly, Defendants release and discharge Plaintiff from any and all charges, complaints, claims causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and/or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to "claim" or "claims") which they had at any time, claimed or claimed to have against Plaintiff relating to or in connection with, any claims under the Fair Labor Standards Act ("FLSA"); any claims under the New York Labor Law ("NYLL") any claims under the New York Codes, Rules and Regulations, Articles 6 of the NYLL; the Age

4

Discrimination in Employment Act; Americans With Disabilities Act; the Employee Retirement Income Security Act; the Equal Pay Act; the Immigration Reform and Control Act; the Consolidated Omnibus Budget Reconciliation Act; the Sarbanes Oxley Act; the Occupational Safety and Health Act; Family and Medical Leave Act; the New York State Human Rights Law and the New York City Human Rights Law; the Wage Theft Prevention Act, the New York Hospitality Industry Wage Order; the New York Restaurant Wage Order; or any claims under any other federal, state, or local wage and hour or discrimination/harassment law; any claims for reimbursement, wages, vacation, or other leave time; and any Department of Labor Claims as of the Effective Date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

Nothing in this Agreement shall infringe on Plaintiff or Defendants' ability to testify, assist, or participate in an investigation, hearing, or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission, or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court or in their own name, or taking any other action authorized by law. However, Plaintiff and/or Defendants are precluded from receiving compensation as a result of any such action.

3.      **Payment**

a.      In total and complete settlement of this matter and all claims referred to above, including costs of suit and attorneys' fees of any and all attorneys and firms who have represented Plaintiff in this action, payment will be made by or on behalf of Defendants to

Plaintiff in the total gross amount of Ten Thousand Dollars and 00/100 ($10,000.00)

("Settlement Funds"), to be allocated as follows:

       i.  $3,129.59 less applicable payroll deductions, payable to "Chunhong Mei". Pursuant to state and federal tax laws, this payment is subject to normal payroll taxes and withholdings. Defendants shall issue an IRS Form W-2 to Plaintiff for the payment referred to in this Subparagraph;

      ii.  $3,129.58 payable to "Chunhong Mei;

      iii.  $3,740.83 payable to "Law Office of Ricardo R. Morel, Esq." This payment shall be payable to Plaintiff's claims for attorneys' fees, and is not subject to normal payroll taxes and withholdings. Defendants shall issue an IRS Form 1099 to Plaintiff and the Law Office of Ricardo R. Morel, Esq. for the payment referred to in this Subparagraph.

     **b.**      These payments and a fully signed Agreement will be delivered to the Law Office of Ricardo R. Morel, Esq., 39-15 Main Street, Suite 318, Flushing NY 11354 within thirty (30) days of receipt by counsel for Defendants of: This Agreement signed by the Plaintiff; The IRS Forms executed by the Plaintiff and the Law Office of Ricardo R. Morel, Esq.; The Stipulation of Dismissal signed by counsel for Plaintiff; and Confirmation that Plaintiff's Request for Withdrawal of the NYCCR Action has been granted and the action withdrawn with prejudice. An IRS Form W-2 will be issued to plaintiff in connection with the payment in subparagraph 3(a) (i) above.  Plaintiff and Law Office of Ricardo R. Morel, Esq., each will complete and provide to Defendants' counsel an IRS Form W-9.   IRS Forms 1099 will be issued

to plaintiff in connection with the payment in sub-paragraph 3(a) (ii) and 3(a) (iii), and to Law

Office of Ricardo R. Morel, Esq. in connection with the payment in subparagraph 3(a) (iii).

   c. Plaintiff acknowledges that no representations have been made to Plaintiff

by Defendants regarding the taxability of the settlement monies referred to in Paragraph 3(a).

   d. Plaintiff and her attorney understand that they are respectively fully

responsible for any taxes payable in connection with Paragraph 3(a)(iii) above. Plaintiff further

agrees and understands that she will defend and indemnify Defendants and the Defendants in all

such proceedings against the payment of any taxes, interest, penalties, and other liabilities or

costs that may be assessed on the payment in Paragraph 3(a)(iii) above.  The taxability of the

Settlement Funds shall not affect the validity of this Agreement.

   e. Should Defendants fail to timely make payment set forth in Subparagraph

3(a) above of this Agreement, Plaintiff shall provide written notice, by electronic and Priority

mail, stating that payment was not timely made. Upon receipt of written notice, Defendants shall

have ten (10) days to make payment. Notice should be sent to the attention of Michael D. Hall,

Esq., Buchanan Ingersoll & Rooney, 640 5th Avenue, 9th Floor, New York, NY 10019-6102,

michael.hall@bipc.com.

   f. <u>Satisfaction of Liens</u>.  Plaintiff has represented that she has diligently

investigated the existence and amounts of any and all liens that might be asserted against the

Settlement Funds.  Plaintiff agrees that she shall be responsible for satisfying any and all such

liens against the Settlement Funds. Defendants expressly rely on Plaintiff's representations on

this subject in issuing the Settlement Funds to Plaintiff and to her attorney.

   **4.** **Consideration.**

Plaintiff specifically acknowledges that the Settlement Funds set forth in Paragraph 3(a) constitute additional consideration not otherwise owed to her but for this Agreement. Plaintiff agrees that she will not hereafter seek anything further, including any other payments(s) for counsel fees, from Defendants. Plaintiff shall not be entitled to any consideration or benefit from Defendants.

5.     **Attorneys' Fees.**

Except as provided herein, the Parties shall bear their respective costs and attorneys' fees arising from or related to the Civil Action, the NYCCHR Action, this Agreement, and the matters addressed therein.

6.     **No Other Actions or Proceedings**.

The Parties represent that, other than this Civil Action and the NYCCHR Action, the Parties are unaware of any other pending lawsuits, charges, administrative proceedings, or other claims of any nature whatsoever that has filed against any other Party in any state or federal court, or before any agency or administrative body.

7.     **Agreement Not to Sue.**

Plaintiff agrees not to assert any claims, charges or other legal proceedings against any Defendant in any forum, based on any events, whether known or unknown, occurring prior to the date of the execution of this Agreement, including but not limited to, any events related to, arising out of, or in connection with, Plaintiff's employment with Brooklyn Chop House. However, this numbered Paragraph 7 does not prevent Plaintiff from asserting any claim, charge or legal proceeding that she may not legally be barred from asserting.

Defendants agree not to assert any claims, charges or other legal proceedings against Plaintiff in any forum, based on any events, whether known or unknown, occurring prior to the

date of the execution of this Agreement, including but not limited to, any events related to, arising out of, or in connection with, Plaintiff's employment with Brooklyn Chop House. However, this numbered Paragraph 7 does not prevent Defendants from asserting any claim, charge or legal proceeding that they may not legally be barred from asserting.

8.      **Warranty Regarding Non-Assignment.**

Plaintiff warrants and represents that she has not heretofore assigned or transferred to any person not a party to this Agreement any claim released, and she shall defend, indemnify and hold harmless Defendants from and against any claim (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such assignment or transfer made, purported or asserted.

9.      **Entire Agreement**.

This Agreement and its Exhibit(s) contain the sole and entire agreement between Settling Parties. It is understood that Defendants specifically deny any liability whatsoever for any damages, injuries or other claims made by Plaintiff.  The Settling Parties agree that neither party shall be considered the prevailing party in this litigation.

The Settling Parties further agree that this Agreement shall not be offered or used as evidence in any proceeding, except to the extent necessary to enforce the terms of this Agreement.

10.      **No Admission of Liability**.

This Agreement shall not be construed as an admission by Defendants of any of the acts or omissions alleged by Plaintiff in the Civil Action, 19-CV-3309, or the NYCCHR Action or of any acts or omissions which could have been alleged in the Civil Action or the NYCCHR Action.  It is understood that Defendants specifically deny any liability whatsoever for any

damages or other claims made or which could be made by Plaintiff.  Both Parties agree that neither party shall be considered the prevailing party in this litigation.

Plaintiff agrees that this Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving the Defendants, except to the extent necessary to enforce the terms of this Agreement.

**11.     Remedies for Breach of this Agreement**

The Parties agree that any breach of this Agreement shall cause: (i) immediate and irreparable harm to the non-breaching party, thereby entitling the non-breaching party to a Court Order of injunctive relief against the breaching party, which is hereby consented to by the parties; (ii) in the event of a breach by either party, if the Court determines that such a breach occurred, the breaching party shall be liable for attorneys' fees and costs incurred by the non-breaching party associated with bringing any action to enforce its rights under this Agreement.

**12.     No Modification Unless in Writing.**

No modification of this Agreement shall be valid unless in writing and agreed upon by both Parties or their Counsel.

**13.     Full Integration.**

This Settlement Agreement supersedes any prior agreements, understandings, or negotiations, whether oral or written, except to the extent that it is inconsistent with the agreements, understandings or negotiations had and concluded pursuant to the Settlement Session attended by the Settling Parties on November 13, 2019.

**14.     Severability.**   If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement

which can be given effect without the invalid provisions or application and to this end the provisions of this Agreement are declared to be severable.

15.     **Choice of Law**.

This Agreement shall be deemed to have been executed and delivered within the State of New York, and the rights and obligations of the Settling Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without regard to its principles of conflict of laws. Any action to enforce this Agreement shall be made by motion to the Hon. James L. Cott, U.S.M.J. of the United States District Court, Southern District of New York.

16.     **Drafting of Agreement**.

Each Party has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

17.     **Counterparts.**

This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  Photographic copies of such signed counterparts may be used in lieu of the originals for purposes of this Agreement.

19.     **Non-Waiver.**

No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

20.     **Attorney Advice.**

In entering into this Agreement, the Parties represent that they have relied upon the

advice of their attorneys, who are attorneys of their own choice, and that the terms of this

Agreement have been completely read and explained to them by their attorneys, and that those

terms are fully understood and voluntarily accepted by them. Each party has made such

investigation of the facts pertaining to this Agreement and of all other matters pertaining thereto

as they deem necessary.

In addition, Plaintiff enters this Agreement voluntarily with a full understanding of its

terms after it has been translated into Plaintiff's primary language (including but not limited to

Mandarin) by Plaintiff's counsel.

**21.   Cooperation.**

The Parties agree to cooperate fully and to execute any and all supplementary documents

and to take all additional actions that may be necessary or appropriate to give full force to the

basic terms and intent of this Agreement and which are not inconsistent with its terms.

**22.   Jurisdiction and Venue.**

The Settling Parties agree to request that the Southern District of New York, the Hon.

James L. Cott, U.S.M.J. will retain jurisdiction over this matter in the event that either party

defaults with respect to their obligations under the Agreement and to enforce the terms of the

Agreement.

**23.   Signature.**

**BY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE,
PLAINTIFF STATES THAT:**

**A.    SHE HAS READ IT;**

**B.    SHE UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP
IMPORTANT RIGHTS INCLUDING, BUT NOT LIMITED TO, THOSE
ARISING UNDER THE NEW YORK CITY HUMAN RIGHTS LAW, THE
NEW YORK STATE HUMAN RIGHTS LAW, THE FAIR LABOR**

**STANDARDS ACT, THE NEW YORK LABOR LAW, TITLE VII, 42 USC §1981, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, THE OLDER WORKERS BENEFIT ACT OF 1990, THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE FAMILY AND MEDICAL LEAVE ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, ANY OTHER CONSTITUTIONAL, STATUTORY OR COMMON LAW, ATTORNEYS' FEES AND COSTS OF SUIT, AND ANY PUBLIC POLICY OF THE UNITED STATES, THE STATE NEW YORK OR ANY OTHER STATE;**

**C.     SHE AGREES WITH EVERYTHING IN IT;**

**D.     HER ATTORNEY NEGOTIATED THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WITH HER KNOWLEDGE AND CONSENT;**

**E.     SHE HAS BEEN ADVISED TO CONSULT WITH HER ATTORNEY PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND HAS IN FACT DONE SO;**

**F.     SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY;**

**G.     SHE HAS ENTERED THIS AGREEMENT VOLUNTARILY WITH A FULL UNDERSTANDING OF ITS TERMS AFTER IT HAS BEEN TRANSLATED INTO HER PRIMARY LANGUAGE (MANDARIN) BY PLAINTIFF'S COUNSEL; AND**

**H.     THE TERMS OF PARAGRAPHS HEREIN ARE RECIPROCAL IN THAT THE DEFENDANTS ARE GIVING UP ALL COUNTERCLAIMS AGAINST THE PLAINTIFF THAT HAVE BEEN ASSERTED, OR THAT COULD HAVE BEEN ASSERTED, IN THE CIVIL ACTION OR THE NYCCHR ACTION.**

IN WITNESS WHEREOF, and intending to be legally bound, the Parties agree to the terms of this Agreement.

*** SIGNATURES FOLLOW ***

_____

**CHUNHONG MEI**

*Plaintiff*

**Defendant DP Hospitality Group, LLC**

By: _____

Title: _____Owner_____

Dated: ____11 . 12020____

**Defendant Brooklyn Chop House**

By: _____

Title: _____Owner_____

Dated: ____11|7/2020____

14

**ROBERT CUMMINS**

Title: Owner

Dated: 1/17/2020


**STRATIS MORFOGEN**

Title: Consultant

Dated: 1/17/2020

15

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | : | |
| CHUNHONG MEI, on behalf of herself and others similarly situated, | : | Civil Action No. 1:16-cv-03309 (AJN) |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | **STIPULATION OF DISMISSAL** |
| v. | : | |
| | : | |
| DP HOSPITALITY GROUP, LLC d/b/a | : | |
| "BROOKLYN CHOP HOUSE," ROBERT | : | |
| "DOH POOH" CUMMINS, STRATIS | : | |
| MORFOGEN, and "JOHN DOE" #s 1-2, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

It is hereby stipulated and agreed, by and between the undersigned, that Plaintiff

dismisses her Complaint against the Defendants in its entirety with prejudice, and without costs

or attorneys' fees to any party.

Law Office of Ricardo R. Morel, Esq.          BUCHANAN INGERSOLL & ROONEY PC
*Attorneys for Plaintiff*                                    *Attorneys for Defendants*
*Chunhong Mei*                                              *DP Hospitality Group, LLC d/b/a Brooklyn Chop*
                                                                       *House, Robert "Don Pooh" Cummins and*
                                                                       *Stratis Morfogen*


By:_____          By:_____
       Ricardo R. Morel                                            Michael D. Hall

Dated: _____, 2020              Dated: _____, 2020

17