USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/5/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
CHUNHONG MEI, *on behalf of herself and* : 
*others similarly situated,* :
:
                                    Plaintiff,    :     **ORDER**
:
             -v-                       :     19-CV-3309 (JLC)
:
DP HOSPITALITY GROUP, LLC, *et al.*, :
:
                                Defendants.    :
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

       The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 45) and have now submitted a fully executed settlement agreement (Dkt. No. 53-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Previously, the parties had submitted "fairness" letters that included some disputes between the parties that required Court assistance (Dkt. Nos. 46, 48, & 50). To that end, the Court held a telephone conference on January 8, 2020 to assist the parties in resolving these outstanding issues.

       Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Having carefully reviewed the letters submitted by the parties as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement (as well as a follow-up telephone conference), the Court finds that all of the terms of

1

the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Accordingly, the settlement is hereby approved.

Consistent with paragraphs 15 and 22 of the agreement, the Court will retain jurisdiction over the settlement agreement for the sole purpose of its enforcement. The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: February 5, 2020
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge